UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2061-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| HESSAM GHANE | ) | |
| | ) | |

This matter is before the court on a <u>pro se</u> motion filed by respondent on 9 August 2010, "requesting a copy of [respondent]'s dangerousness study[.]" By way of brief background, on 19 May 2009, the government filed a petition for respondent's commitment under 18 U.S.C. § 4246 in the above-captioned case. The court assigned counsel to represent respondent and set a hearing for 7 December 2009. (5/20/09 Order at 1.) On 29 September 2009, respondent's counsel filed a notice that respondent "ha[d] selected Dr. Katayoun Tabrizi to perform a mental health examination." (9/29/09 Notice at 1.)

On 2 December 2009, the government moved, with consent of respondent's counsel, to continue the hearing to March 2010, while respondent pursued an appeal with the Eighth Circuit Court of Appeals regarding his competency to stand trial. (12/2/09 Mot. Cont. at 1-2.) Prior to the March 2010 hearing, the government filed a motion to withdraw its commitment petition, again with consent of respondent's counsel, on the grounds that the Eighth Circuit had remanded the trial competency issue to the Western District of Missouri. (2/17/10 Mot. Withdraw at 1-2.) The court allowed the motion to withdraw and closed the instant action. (2/18/10 Order at 1.) Respondent's counsel never filed any report by Dr. Tabrizi.

Respondent filed the instant motion seeking "a copy of his Dangerousness study conducted by Dr. Katayun [sic] Tabrizi while the Defendant was incarcerated at the Federal Medical Center,

Butner, North Carolina." (8/9/10 Mot. at 1.) Respondent seeks a copy of the report "for future proceedings." (Id.) Respondent does not specify what "proceedings," and, assuming he means some type of future habeas litigation he intends to file,

> there is no provision in the Federal Rules of Civil Procedure that would permit the prepetition (i.e. precomplaint) discovery [respondent] seeks. Put differently, the fact that habeas proceedings are not subject to Rule 26(f)'s timing restriction for commencement of discovery in no way changes that discovery in habeas proceedings is governed by the Federal Rules, which plainly do not allow precomplaint or prepetition discovery.

Orbe v. True, 201 F. Supp. 2d 671, 678 (E.D. Va. 2002). Additionally, respondent does not indicate whether he has first sought the report from his counsel. The court notes that the motion asks the court to order respondent's counsel or Dr. Tabrizi to provide the report to respondent.

The motion is DENIED.

This 16 August 2010.

W. Earl Britt
Senior U.S. District Judge

2